UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RONNIE D. WHITENER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 1:17-cv-01241-JDB-egb |
| | ) |
| TONY PARKER, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TO MODIFY DOCKET, DISMISSING COMPLAINT,
AND GRANTING LEAVE TO AMEND

On December 14, 2017, Plaintiff, Ronnie D. Whitener, who is incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the U.S. District Court for the Middle District of Tennessee. (Docket Entries ("D.E.") 1, 2.) That Court issued an order on December 21, 2017, granting leave to proceed *in forma pauperis*, assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)–(b); dismissing Defendants, Terpsta, Hart, and Stover; and transferring the complaint to the Western District of Tennessee. (D.E. 5.) This Court entered an order on April 4, 2018, denying Plaintiff's motion to appoint counsel and directing the Clerk to remove Terpsta, Hart, and Stover from this lawsuit. (D.E. 10.) The Clerk shall record the Defendants as Tony Parker, Commissioner of Rehabilitative Services at the Tennessee Department of Correction ("TDOC"); Dr. Marina Cadreche, Assistant Commissioner of Rehabilitative Services at TDOC; Dr. Kenneth Williams, Medical Director at TDOC; Christi Gregory, Medical Director at TDOC; Amanda Collins, Physician's Assistant;

Tommie Hamilton, Family Nurse Practitioner at TDOC; Dr. First Name Unknown ("FNU") Tucker; Dr. FNU Guerett; Shawn Phillips, Warden at NWCX;[1] Steve Jones, Associate Warden of Treatment at NWCX; and Randy Phelps, Unit Manager at TDOC.

Plaintiff has scoliosis and alleges that Defendants are aware of his medical condition but failed to provide proper medical treatment "in order to save cost." (D.E. 1 at PageID 6.) Whitener describes the TDOC's "written policies of surgical procedure, assessment and treatment" as outdated and asserts that the "unwritten policies, customs, and practices in diagnosing and treating plaintiff's medical condition" are unreasonable. (*Id.*) The inmate contends that the Defendants follow a "surgical protocol," which creates "an endless loop of procedures and eligibility criteria . . . with the end goal of denying inmate treatment." (*Id.*) He avers the protocol "establishes convoluted, multi-step assessment procedures between diagnosis and treatment" that cause numerous delays and create a risk that Plaintiff will lose eligibility for, or be denied, treatment. (*Id.* at PageID 6–7.) Plaintiff describes the situation as "an uphill battle with defendants to receive surgical treatment." (*Id.* at PageID 7.) The Defendants' "willful indifference" to his medical condition has caused him great physical and mental pain. (*Id.*) Plaintiff sues all Defendants in their official capacities and seeks declaratory and injunctive relief to require Defendants to implement a proper medical plan for treatment of his condition. (*Id.* at PageID 1, 10.)

---

[1] Plaintiff names Mike Parris as a defendant in this suit. Parris, however, is now Warden of the Morgan County Correctional Complex. https://www.tn.gov/correction/sp/state-prison-list/morgan-county-correctional-complex.html. The current Warden of NWCX is Shawn Phillips. https://www.tn.gov/content/tn/correction/sp/state-prison-list/northwest-correctional-complex.html. Because Plaintiff names Parris as a defendant in only his official capacity, it is appropriate to substitute the current Warden as defendant in this suit. *See* Fed. R. Civ. P. 25(d). The Clerk is DIRECTED to modify the docket to substitute Phillips for Parris as Warden at NWCX and Defendant in this matter.

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss the complaint, or any portion thereof, if it—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the assertions "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory contentions "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## ANALYSIS

42 U.S.C. § 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent the inmate brings suit against these Defendants in their official capacities, those claims are considered to be made against their employer, TDOC. *Shabazz v. Centurion*, 17-1051-JDT-cgc, 2018 WL 1440985, at *2 (W.D. Tenn. Mar. 22, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Suits against the TDOC are, in turn, treated as ones against the State of Tennessee. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *accord Malone v. Tennessee*, No. 03-2869 B, 2005 WL 2671343, at *3 (W.D. Tenn. Oct. 19, 2005). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects

of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment prohibits citizens from suing their own states in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst*, 465 U.S. at 100; *see also Virginia Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, "a state is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. 58).

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159–160 (1908)); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Young*, 209 U.S. 123)). Plaintiff does not bring suit for damages but seeks only declaratory and injunctive relief against Defendants. His claims therefore are not barred by sovereign immunity.

To proceed with his official-capacity claims for injunctive relief, Whitener must allege that the State was responsible for the violation of his constitutional rights because of a practiced custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held

that to establish the requisite causal link between a constitutional violation and policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606–07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694).

The complaint does not adequately allege that Plaintiff suffered any injury because of an unconstitutional policy or custom of TDOC or NWCX. Plaintiff avers that unspecified Defendants essentially gave him the runaround and ignored his need for surgery "in order to save cost." (D.E. 1 at PageID 6.) But Whitener provides only conclusions that TDOC policies were in play to prevent his medical care. He does not set forth any factual allegations to support his claim that the policies were the moving force behind the alleged deficiencies in his medical treatment. The inmate's "bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief." *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (unpublished) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)); *see also Baxter v. Corizon Health Inc.*, No. 1:14-CV-1347-JDT-EGB, 2015 WL 5707062, at *5 (W.D. Tenn. Sept. 28, 2015) (listing cases). Plaintiff's broad allegations, including that "defendants' unwritten policies, customs, and practices in diagnosing and treating plaintiffs medical condition fall short of the outdated and unreasonable protocols" (D.E. 1 at PageID 6), are entirely conclusory and insufficient to identify a TDOC policy for which the Defendants may be held liable.

Whitener's complaint is therefore subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Plaintiff should be given an opportunity to amend his complaint.

The Court DISMISSES Whitener's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within thirty days after the date of this order.

Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the

text of the amended complaint and must be attached to the complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Whitener fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

    IT IS SO ORDERED this 4th day of March 2019.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE